Lane *v.* Railroad Company.

BENJ. LANE *v.* E. T., VA. & GA. RAILROAD CO.

1. RAILROADS. *Regulation requiring tickets.* A railroad company has the right to make regulations requiring passengers to purchase tickets before entering coaches attached to their freight trains, and authorizing conductors to expel persons not having tickets, even though they may offer money in payment of their fare.

2. SAME. *Notice.* But where the company had been usually receiving money on their freight trains for fare, passengers wanting thus to pay their fare were entitled to notice of the regulation making the change, before they could be expelled for non-compliance.

FROM WASHINGTON.

Appeal in error from the Circuit Court of Washington county. NEWTON HACKER, J.

J. G. DEADERICK and E. N. GRIFFITH for Lane.

GEO. BROWN and C. R. VANCE for R. R. Company.

McFARLAND, J., delivered the opinion of the court.

The plaintiff, on the afternoon of the 4th June, 1877, entered a "caboose" attached to a freight train on defendant's road at Jonesboro, intending to go to Carter's depot, twelve miles distant, and near to which place he lived. Soon after the train started he was called on by the conductor for his ticket, but had none. He, however, offered to pay his fare in money, but the conductor refused to receive it, and required the plaintiff to leave the train, causing it to stop for that purpose within a distance of from three hundred

Lane *v.* Railroad Company.

yards to a half mile of the depot at Jonesboro. The plaintiff left the train and walked back to the depot, carrying with him some articles he had purchased. He was compelled to wait from that time, about 5 P. M., until the next train, 9:20 the same evening, and was consequently delayed until after midnight getting home. This action was brought to recover damages. Under the instruction of the circuit judge, there was a verdict for the plaintiff for fifty dollars. Both parties moved for a new trial, and being refused, have appealed in error.

The defense was, that by a regulation of the company, which went into effect on the 1st day of June, three days before the occurrence, passengers were not permitted to travel on freight trains without first procuring a ticket of the depot agent, and conductors of freight trains were not permitted to receive the fare of passengers. This defense was set up by a special plea, to which the plaintiff, by leave of court, filed two replications: 1st. That he had no notice of the regulation; and 2d. That there was no agent present from whom he could have purchased a ticket. This latter, however, was disproven; so the real issue of fact upon which, under the charge of the court, the jury found for the plaintiff was, whether or not the plaintiff had notice of the regulation in question. It appears from the plaintiff's testimony, that previous to that time he had been in the habit of riding on freight trains without a ticket, and it was not denied that it had been the habit of the company to carry passengers in that way.

We do not doubt that such a regulation was reasonable, and the company had the right to adopt it. See 2 Redfield on Railway, 283; ——— v. *Illinois C. R. R.,* from Sup. Court, Iowa, 10 Am. Railway Reports, 66; *Toledo R. R.* v. *Patterson,* 7 Am. Railway Reports, 168, Sup. Court, Illinois. And so the circuit judge instructed the jury; but he also held that it was incumbent on the defendant to show that it had given notice to the traveling public and especially to the plaintiff, of the new regulation. It is insisted, in argument, that no notice was required in regard to a freight train; but we are of opinion that in view of the previous course of business of the company in allowing passengers on freight trains without restriction, notice of the change was necessary, and without such notice passengers had the right to presume that they might travel as formerly. Perhaps the most serious objection to the charge is, that it apparently was intended to mean that the notice should have been given to the plaintiff personally, and that printed notices posted in the depot and on the inside and outside of the cars were not sufficient. The publication of such notice in such manner and for such a length of time as to give the public reasonable opportunity to be informed and to raise a fair presumption of notice in fact, ought to be sufficient. We are of opinion that ordinarily actual personal notice of the new regulation would not be necessary. But in this instance the plaintiff had been in the habit of riding on freight trains without a ticket. The change had only gone into effect three days before, and had not been gen-

Lane *v.* Railroad Company.

erally published.    Under such circumstances it would not be unreasonable to require that passengers should have their attention called to the matter before they got on the train or before it started, at least until the regulation had been adopted and had been generally published.

There was very strong and direct testimony to show that the plaintiff was notified by a director of the company of the necessity of procuring a ticket, but this he denied in his own evidence, and it being a mere conflict of testimony we cannot disturb the finding of the jury.

There is certainly no ground to grant a new trial to the plaintiff.    It clearly appears that the conductor treated him politely, used no force, and he was subjected to no harsh treatment in any manner.    He was told of the regulation and the necessity of the conductor obeying his instructions, and was asked to leave the train and did so.    No special damage was shown and the delay and inconvenience were by no means serious.

Affirm the judgment.